McDonald, Sanders, Nichols, Wynn & Ginsburg, and Atwood McDonald, Fort Worth, for appellee.

**Pearl Arlene THOMPSON, Appellant,**

v.

**Ruth BOTT, Appellee.**

**No. 16499.**

Court of Civil Appeals of Texas.

Fort Worth.

June 12, 1964.

LANGDON, Justice.

This case is companion to the case of Thompson v. Thompson, 380 S.W.2d 632, in which this court handed down its opinion this same date.

It is an appeal from a summary judgment in favor of Ruth Bott. The subject matter of this suit was finally adjudicated in the companion case above referred to.

On July 12, 1962 suit was instituted by Eulys Leonard Thompson against his wife, Pearl Arlene Thompson, for divorce and a division of community property. Mrs. Thompson filed a counterclaim and cross-action against her husband and Ruth Bott, a feme sole. In her suit Mrs. Thompson al-

leged that her husband had transferred 178 shares of the stock of Thompson Auto Loans, Inc., to Ruth Bott in violation of her community rights. She requested the court to set aside the transfer of stock to Mrs. Bott and to restrain her from disposing of same. Mrs. Bott filed her motion for summary judgment with accompanying affidavit. There being no disputed fact issues raised the court granted summary judgment which had the effect of narrowing the issues in the primary action of divorce.

Mrs. Thompson's suit against Mrs. Bott was one for the benefit of the community estate. By its judgment the court found in effect that the stock was not transferred in fraud of Mrs. Thompson's rights and thus the community estate had no further claim or right in or to the stock. The divorce case could thus proceed to trial with this portion of the community property settled. There was no order of severance. The court therefore retained control over the whole case with the power to make one complete adjudication on all aspects of the case at the proper time.

Thus, the order entered by the trial court was interlocutory in nature. See McDonald, Texas Civil Practice, Vol. 4, § 17.-26.1 (New), No. II (Pocket Parts, pp. 34, 35), and cited authorities. See also § 17.26.-6 and authorities cited of the same text, subparagraph (e), p. 70 of Pocket Parts reading in part as follows, "A summary judgment which, without a formal order of severance, fails to dispose of all parties and issues, by the stronger authority, is interlocutory and not appealable. This has been applied where the judgment dealt with separate and severable causes of action; a counterclaim; a third-party claim; some but not all issues of a claim or defense; or a claim as against some but not all defendants. Earlier decisions sustaining some appeals on the theory of an implied severance received the specific disapproval of the Supreme Court: 'The confusion and uncertainty involved in the application of such a rule outweigh any advantages which might result therefrom.' "

Since the cross-action and counterclaim sought no specific relief against Ruth Bott other than a determination as to the ownership of the 178 shares of stock the final judgment in the divorce action disposed of all parties and all issues involved in the entire suit.

Since in our opinion in the absence of an order of severance the summary judgment entered by the court was interlocutory in nature and all parties and issues were disposed of by the judgment in the divorce case the order on the summary judgment is not appealable. The appeal therefrom is accordingly dismissed.